United States District Court
Southern District of Texas
**ENTERED**
November 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Luciano Anastaciou, § § § *Plaintiff,* § § § v. § § United States of America, § § *Defendant.* § § § § | Case No. 4:21-cv-03732 |

# MEMORANDUM AND RECOMMENDATION

Before the Court are two motions, both filed by Defendant the United States of America ("the Government"). The Government has moved to dismiss Plaintiff Luciano Anastaciou's First Amended Complaint for lack of subject matter jurisdiction. Dkt. 21. After that motion to dismiss was filed, Anastaciou filed a Second Amended Complaint. Dkt. 23. The Government moved to strike that pleading as untimely, filed without leave of court, and ultimately futile. Dkt. 27. After reviewing the parties' briefs, the record, and the applicable law, it is recommended that the Government's motion to dismiss be granted, that the Second Amended Complaint be stricken, and that Anastaciou's claims be dismissed without prejudice.

## Background

This case stems from an alleged car accident between Anastaciou and a United States Postal Service ("USPS") employee. According to Anastaciou, a USPS driver, Prince West, collided with Anastaciou's vehicle on October 16, 2019. Dkt. 1-2 at 3.

On September 30, 2021, Anastaciou sued USPS and Mr. West in Texas state court, asserting a negligence claim against Mr. West and a negligent entrustment claim against USPS. Dkt 1-1 at 3-5. A week later, Anastaciou amended his original petition with only minor typographical changes. *See* Dkt. 1-2. The Government removed the case to this Court, Dkt. 1, and then moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that Anastaciou's suit was time barred. *See* Dkt. 3. After responding to the Government's motion, Dkt. 13, Anastaciou filed a "supplement" indicating that he was still receiving treatment with the Department of Veteran's Affairs ("VA") and would provide a copy of his medical expenses. Dkt. 16.

About a month later, Anastaciou filed an amended complaint (the "First Amended Complaint"). Dkt. 17. In that pleading, Anastaciou voluntarily dismissed Mr. West from the case and named the Government as the sole defendant. Dkt. 17. The Government again moved to dismiss for lack of jurisdiction, asserting that Anastaciou had not satisfied prerequisites to suit

under the Federal Tort Claims Act ("FTCA") because he failed to submit an administrative claim to USPS containing a sum certain. Dkt. 21 at 3.

Without filing a response or seeking leave to amend his complaint again, Anastaciou unilaterally filed a Second Amended Complaint. Dkt. 23. The only substantive change appears in paragraph 13, in which Anastaciou lists his alleged damages. *See* Dkt. 23 ¶ 13. Whereas the previous pleading alleged "actual damages in an amount that the Court deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court," Dkt. 17 ¶ 13, the latest pleading seeks "$250,000 or any damages cap applicable to this cause of action," Dkt. 23 ¶ 13. Discovery was stayed pending resolution of the Government's motions to dismiss. *See* Dkt. 24.

## Analysis

I. **Anastaciou's failure to satisfy prerequisites for his FTCA suit warrants dismissal under Rule 12(b)(1) or Rule 12(b)(6).**

   A. **Whether Rule 12(b)(1) or Rule 12(b)(6) applies is not a settled issue.**

In its motion to dismiss the First Amended Complaint, the Government argues that Anastaciou failed to present an administrative claim with a sum certain, a prerequisite to filing an FTCA suit.[1] Dkt. 21 at 3-4. Under the

---

[1] The Government had moved to dismiss Anastaciou's prior pleading as well. Dkt. 3. That motion is mooted by the First Amended Complaint, which neither references nor incorporates Anastaciou's prior pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and

3

FTCA, an action "shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury" unless the plaintiff has satisfied all presentment prerequisites. 28 U.S.C. § 2675(a); *see also Eaton v. United States*, 2008 WL 706784, at *2 (S.D. Tex. Mar. 13, 2008). The relevant requirement provides:

> (b) *Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency*, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b) (emphasis added). This provision, along with parallel requirements in chapter 171 of Title 28, is incorporated in the general statute that waives the Government's sovereign immunity and grants jurisdiction to federal courts for certain claims involving negligence committed by federal employees in the course of their employment:

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); Dkt. 17.

28 U.S.C. § 1346(b)(1).

The Government presumes that the failure to satisfy Section 2675(b)'s presentment requirement deprives this Court of jurisdiction, thereby requiring dismissal under Rule 12(b)(1). But the only published Fifth Circuit case cited by the Government was decided decades ago. *See* Dkt. 21 at 3 (citing *Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988)). The more recent unpublished decisions cited by the Government do not grapple with the issue. *See Chichakli v. United States*, 803 F. App'x 781, 782-83 & n.9 (5th Cir. 2020); *Barber v. United States*, 642 F. App'x 411, 414-15 (5th Cir. 2016).

The Government's authorities do not address a line of intervening Supreme Court decisions that has analyzed and "characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief." *Ft. Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849-50 (2019) (collecting authorities). The litmus test for distinguishing between claim-processing rules and claim-processing requirements hinges on the statutory language. "If the Legislature clearly states that a prescription counts as jurisdictional," then that language controls. *Davis*, 139 S. Ct. at 1850 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006)). But "when Congress does not rank a [prescription] as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* (alteration in original).

5

Applying that test, the Supreme Court has held that the FTCA's two-year limitations period, 28 U.S.C. § 2401(b), is not a jurisdictional requirement.[2] *See United States v. Wong*, 575 U.S. 402, 412 (2015). There, the Court concluded the relevant statute "speaks only to a claim's timeliness, not to a court's power." *Id.* at 410. Moreover, the filing deadline in Section 2401(b) is separate from the FTCA's jurisdictional grant in § 1346(b)(1). *Id.* at 411-12.

Although the Supreme Court has not resolved whether the FTCA's presentment requirement in 28 U.S.C. § 2675(b) is jurisdictional, three courts of appeals have. The Third Circuit and the Eighth Circuit have held that compliance with § 2675(b) is jurisdictional. They reason that "the sum certain requirement [in § 2675(b)] is ... tethered to the grant of jurisdiction because § 1346 specifies at the outset that a district court's jurisdiction over an FTCA claim is '[s]ubject to the provisions of chapter 171'" of Title 28, which includes § 2675(b). *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010); *accord Mader v. United States*, 654 F.3d 794, 805-07 (8th Cir. 2011) (en banc). But the Sixth Circuit disagreed, finding that "[t]he reference to chapter 171 in § 1346(b) is simply not clear enough to turn a rule [like § 2675(b)] that speaks

---

[2] That Supreme Court decision squarely forecloses the Government's contention in its first motion to dismiss. *Compare* Dkt. 3 at 2-3 (asserting that "[w]hen a plaintiff fails to submit the claim in writing within two years of the claim accruing, a court lacks jurisdiction over it"), *with United States v. Wong*, 575 U.S. 402, 412 (2015) ("Section 2401(b) is not a jurisdictional requirement.").

6

in nonjurisdictional terms into a jurisdictional hurdle." *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021) (internal quotation marks omitted).

Because the Fifth Circuit has yet to wade into this debate, the Court normally would need to resolve whether *Montoya* remains good law. But the answer does not affect the outcome here. If the presentment requirement in Section 2675(b) is jurisdictional, then Anastaciou's failure to satisfy it requires dismissal under Rule 12(b)(1). *See infra* Part I.B.2. Alternatively, if Section 2675(b) is a claim-processing rule, then its application at this stage should be assessed under Rule 12(b)(6). *See, e.g.*, *Henderson v. Saf-Tech, Inc.*, 2013 WL 6858503, at *2 (S.D. Tex. Dec. 30, 2013) (reclassifying a Rule 12(b)(1) motion as a 12(b)(6) motion that challenges the merits of the plaintiff's case) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). And as explained below, Anastaciou's conclusory allegation regarding his compliance with § 2675(b) fails to meet the basic pleading standard. *See infra* Part I.C.2. As a result, the Court declines to determine whether § 2675(b) imposes a jurisdictional requirement.

> **B. Assuming that § 2675(b) is jurisdictional, Anastaciou's failure to present a sum-certain requires dismissal under Rule 12(b)(1).**
>
> **1. Standard of review**

If § 2675(b) imposes a jurisdictional requirement, then Rule 12(b)(1)'s standard controls. "Under Rule 12(b)(1), a claim is 'properly dismissed for lack

7

of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The plaintiff bears the burden to establish that subject-matter jurisdiction exists. *Id.* "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.

## 2. The evidence confirms that Anastaciou did not properly present a sum-certain to the USPS before filing this suit.

Uncontroverted evidence shows that Anastaciou failed adequately present his case to the USPS pursuant to Section 2675(b). Controlling regulations provide that a claim "shall be deemed to have been presented when the U.S. Postal Service receives from a claimant ... written notification of an incident, accompanied by a claim for money damages in a sum certain for personal injury ...." 39 C.F.R. § 912.5(a); *see also Jenkins v. U.S. Postal Serv.*, 2018 WL 11452966, at *1 (S.D. Tex. Mar. 15, 2018), (dismissing suit where plaintiff's three letters alleged physical injuries without specifying a sum certain), *aff'd*, 747 F. App'x 974 (5th Cir. 2019). Anastaciou's submission omitted the required information.

Anastaciou's letter to the USPS described his injury and damages as "Neck pain, Back pain ... physical pain and mental anguish, loss of wages, and reasonable and necessary medical expenses." Dkt. 13 at 6 (Ex. A). Nowhere did Anastaciou specify a "sum certain" for his injuries. 39 C.F.R. § 912.5(a); *see also* 28 U.S.C. 2675(b) (generally limiting recovery to "the amount of the claim presented to the federal agency").

Anastaciou tries to justify his failure to state a sum certain by asserting that his medical treatment was ongoing. Dkt. 13. The Government, however, correctly asserts that Anastaciou had to provide that information *before* seeking relief in this Court. *See* Dkt. 21 at 3 (citing *Montoya*, 841 F.2d at 104); *see also Cook v. U.S. Postal Serv.*, 2008 WL 11392886, at *7 (S.D. Tex. Oct. 31, 2008) (noting that presentment under § 2675 must be met when the complaint was filed). Assuming that presenting a sum-certain is a jurisdictional prerequisite to suit, Anastaciou's failure to comply with § 2675(b) mandates dismissal under Rule 12(b)(1).

### C. Even if § 2675(b) is not jurisdictional, Anastaciou's allegations should be dismissed under Rule 12(b)(6).

#### 1. Standard of review

Alternatively, Anastaciou's allegations cannot overcome dismissal pursuant to Rule 12(b)(6). Under that standard, claims should be dismissed if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alteration omitted).

### 2. Anastaciou's conclusory allegations are insufficient to show that he satisfied § 2675(b)'s perquisites to suit.

At least two appellate courts have concluded that the FTCA's sum-certain presentment requirement is not jurisdictional but, rather, a mandatory claim-processing rule. *See White-Squire*, 592 F.3d at 457; *Mader*, 654 F.3d at 806-07. Even so, such mandatory rules must be enforced when properly raised—as the Government did in its motion to dismiss Anastaciou's First Amended Complaint, Dkt. 21. *See Davis*, 139 S. Ct. at 1849 (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)); *see also, e.g.*, *T.B. by and*

*through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 n.2 (5th Cir. 2020) (noting that even if not a jurisdictional defect, "the plaintiff's failure to exhaust is still fatal to his claims" under Rule 12(b)(6)).

Viewed through the lens of Rule 12(b)(6), Anastaciou had to plausibly plead that he provided a sum certain to the USPS before filing this suit. Yet his First Amended Complaint includes no such allegations. *See* Dkt. 17. His lone, conclusory assertion that "all conditions precedent have been satisfied" is not entitled to the assumption of truth. *See* Dkt. 17 ¶ 6; *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions").

Indeed, Anastaciou did not contest the Government's assertions that he failed to satisfy § 2675(b); he filed no response to the motion to dismiss. Applying the Rule 12(b)(6) standard to the presentment requirement, Anastaciou's FTCA claim should be dismissed—albeit without prejudice.

## II. Anastaciou's Second Amended Complaint should be stricken as untimely and futile.

Lastly, the Government has moved to strike Anastaciou's Second Amended Complaint, which was filed without leave of court months after the deadline for amending pleadings had expired. Dkt. 27 at 1-2; *compare* Dkt. 15 (April 4, 2022 deadline for amending pleadings); Dkt. 21 (Government's motion to dismiss the First Amended Complaint); Dkt. 23 (Second Amended

Complaint, filed July 12, 2022). In addition to noting those procedural violations, the Government argues that the latest pleading cannot cure his lack of pre-suit presentment. The Court agrees.

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). But after a court-imposed deadline for amending pleadings has passed, a plaintiff must demonstrate good cause for modifying the scheduling order. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *see also* Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify a scheduling order). Anastaciou neither sought leave to amend nor attempted to show good cause for allowing him to do so. That omission alone justifies striking his pleading. *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 318 (5th Cir. 2014) (affirming denial of leave to amend where plaintiff did not seek leave of the court).

Eeven if good cause were shown, however, "[t]he trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). That is the case here.

The FTCA imposes a *pre-suit* presentment requirement with which Anastaciou failed to comply. *See* 28 U.S.C. § 2675(b); *see supra* Parts I.B.2 & I.C.2. This deficiency cannot be cured after-the-fact, as the Second Amended

12

Complaint attempts to do. *See* Dkt. 23 ¶ 13 (asserting "a 'sum certain' for damages in the amount of $250,000"). As a result, Anastaciou's proposed Second Amended Complaint is futile and should be stricken.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY AS MOOT** Defendant United States' original motion to dismiss (Dkt. 3); **GRANT** Defendant's second motion to dismiss (Dkt. 21); and **GRANT** Defendant's motion to strike Plaintiff Luciano Anastaciou's Second Amended Complaint (Dkt. 23).

It is further **RECOMMENDED** that the Court enter a final judgment dismissing this case without prejudice.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 14, 2022, at Houston, Texas.

*[signature]*
Yvonne Y. Ho
United States Magistrate Judge